Filed 6/28/24  P. v. Fackler CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEORGE SAMUEL FACKLER,<br><br>    Defendant and Appellant. | D082161<br><br><br>(Super. Ct. No. SCD286044) |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Jeorge Samuel Fackler was charged with 10 counts of lewd and lascivious acts upon a child (Pen. Code, § 288, subd. (a))[1]; two counts of lewd and lascivious acts upon a child age 14 or 15 years old (§ 288, subd. (c)(1)); and two counts of sexual penetration with a foreign object (§ 289, subd. (j)), involving Jane Does 1, 2, 3, and 4. During trial, Fackler pleaded guilty as to three counts relating to Doe 1. A jury found him guilty of the remaining 11 counts against Does 1, 2, 3, and 4; and made a true finding that he committed the offenses against multiple victims. (§ 667.61, subds. (b), (c) & (e).)

On appeal, Fackler argues the trial court violated his right to due process by instructing the jury that it could use the finding of guilt on the three uncontested counts involving Doe 1 as evidence of his propensity to commit the remaining 11 counts against Does 1, 2, 3, and 4. He contends the 11 counts to which he did not concede should be reversed and the matter remanded for a new trial.

Fackler concedes his due process argument is foreclosed by our Supreme Court's decision in *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), and acknowledges that we are bound to follow *Villatoro* in deciding this case (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 (*Auto Equity Sales*)). He nonetheless brings this appeal to urge the Supreme Court to reconsider *Villatoro* and to preserve his federal constitutional claim.

The People assert that Fackler forfeited his claim of instructional error by failing to raise it in the trial court. In the alternative, the People assert his claim is meritless under *Villatoro* and *Auto Equity Sales*.

---

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code.

2

As we explain, we agree with the parties that Fackler's claim of error is foreclosed by binding Supreme Court authority. Accordingly, we affirm the judgment without deciding the People's forfeiture claim.[2]

FACTUAL AND PROCEDURAL BACKGROUND

A. *Incidents of Sexual Abuse*

Fackler was a pastor at a church located in San Diego, California. He was convicted of sexually abusing four victims, all of whom were minors at the time of the abuse. Each victim knew Fackler through their membership at the church. Additionally, the victims and their families often attended social gatherings at Fackler's home.

In January 2020, Doe 1 disclosed that she had been sexually abused by Fackler. The abuse began when she was nine years old. Detective Jose Conde of the San Diego Police Department interviewed Doe 1 and subsequently contacted Fackler, who admitted to sexually abusing Doe 1 on multiple occasions, including: "kissing [her], kissing her on her breasts or breast, and having her touch his exposed penis skin to skin." The police arrested Fackler, and the People charged him with three counts of abuse relating to Doe 1.

In approximately September 2020, Detective Conde became aware of three additional victims alleging sexual abuse by Fackler. Between September and October of 2020, Detective Conde interviewed Does 2, 3, and 4.

---

[2] In any event, we note in passing that when a defendant's substantial rights are affected, a claim of instructional error is generally not forfeited by a failure to object. (§ 1259; *People v. Mitchell* (2019) 7 Cal.5th 561, 601 [finding defendant's lack of objection did not forfeit his instructional error claim where the alleged error, if true, would violate his right to due process].)

Doe 2 recalled one instance of abuse by Fackler when she was about nine or 10 years old that occurred while she and her family were attending a social gathering at his home. During this incident, Fackler sat beside her and inserted "his fingers into [her] vagina for a couple of minutes or so." Doe 2 testified that Fackler's position as pastor deterred her from reporting the abuse sooner.

Similarly, Doe 3 recounted being about nine or 10 years old when Fackler inappropriately touched her during a social gathering at his home. She testified that, while attempting to fall asleep in a guest bedroom, she awakened when Fackler entered the room. Fackler approached, reached under her waistband, and placed his hand on her "crotch area." She pretended to be asleep during the incident.

Fackler abused Doe 4 on four separate occasions. Each occasion entailed Fackler leading her to a guest bedroom in his home, where he would seat her on his lap and "caress" her vagina. Doe 4 estimated she was seven to nine years old over the course of the four incidents.

The People filed a second amended complaint against Fackler, adding additional charges pertaining to Does 2, 3, and 4. Doe 1 was interviewed once more, where she disclosed additional instances of abuse, leading the People to file a final third amended complaint with 14 total counts.

B. *Concession of Guilt on Counts 2-4 and Sentencing*

At the close of trial, Fackler conceded guilt as to counts 2 through 4 involving Doe 1. With no objection raised, the trial court instructed the jury with CALCRIM No. 1191B, allowing the jury to consider his admission of guilt on these counts as evidence of his propensity to commit the other charged sexual offenses against the victims.

4

The jury subsequently found Fackler guilty of six counts of abuse against Doe 1; two counts against Doe 2; one count against Doe 3; and five counts against Doe 4.  Furthermore, the jury made a true finding concerning the multiple victim enhancements alleged on each section 288, subdivision (a) charge.  (§ 667.61, subd. (e)(4).)  In a bench trial, the trial court found true the aggravating factor that Fackler took "advantage of a position of trust or confidence" (Cal. Rules of Court, rule 4.421(a)(11)); and sentenced him to the indeterminate term of 150 years to life and the determinate term of two years and eight months to be served consecutively.

## DISCUSSION

A.  *Legal Standards*

CALCRIM No. 1191B is premised on Evidence Code section 1108, which states:  "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."  (Evid. Code, § 1108, subd. (a).)  Thus, Evidence Code section 1108 is an exception to the general prohibition against propensity evidence under Evidence Code section 1101.[3]

The trial court instructed the jury with CALCRIM No. 1191B as follows:

"The People presented evidence that the defendant committed the crimes of Lewd and Lascivious Acts Upon a Child Under 14 Years of Age and Lewd and Lascivious Acts Upon a Child 14 or 15 Years of Age against Jane

---

[3]     Evidence Code section 1101 provides in part, "[E]vidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion."  (Evid. Code, § 1101, subd. (a).)

Doe 1, as charged in Counts 1, 2, 3, 4, 5, and 6, Lewd and Lascivious Acts Upon a Child Under 14 Years of Age against Jane Doe 2, as charged in Counts 7 and 8, Lewd and Lascivious Acts Upon a Child Under 14 Years of Age against Jane Doe 3, as charged in Count 9, and Lewd and Lascivious Acts Upon a Child Under 14 Years of Age and Sexual Penetration with a Person Under 14 Years of Age against Jane Doe 4 as charged in Counts 10, 11, 12, 13, and 14.

"If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sex offenses charged in the case.

"If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence.  It is not sufficient by itself to prove that the defendant is guilty of another crime.  The People must still prove each charge and allegation beyond a reasonable doubt."

A claim of instructional error is reviewed de novo.  (*People v. Mataele* (2022) 13 Cal.5th 372, 419.)

B. *Analysis*

Fackler contends the trial court erred in allowing the jury to rely on his admission of guilt to counts 2 through 4 to infer he was predisposed to commit the remaining 11 counts.  He challenges CALCRIM No. 1191B on two grounds.  First, Fackler argues Evidence Code section 1108, subdivision (a) does not permit consideration of *charged*, as opposed to *uncharged*, offenses as propensity evidence since charged offenses, by virtue of being the

6

prosecution's case-in-chief, are not subject to an Evidence Code section 352 analysis, as required by the text of the statute.[4]  Second, he contends the instruction lessened the prosecution's burden of proof.

Fackler acknowledges that both of his arguments are foreclosed by *Villatoro*, in which the court considered a challenge to a modified CALCRIM No. 1191 instruction substantially similar to the one at issue here.[5]  The *Villatoro* majority held that Evidence Code "section 1108 necessarily extends to evidence of *both* charged and uncharged sex offenses, affirming that such evidence is not 'made inadmissible by Section 1101' " of the Evidence Code. (*Villatoro, supra*, 54 Cal.4th at p. 1161.)  The *Villatoro* court reasoned that a trial court is not precluded from conducting an Evidence Code section 352 analysis when determining whether to allow the jury to consider the charged

---

[4]     Evidence Code section 352 states, "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

[5]     In *Villatoro*, the challenged instruction stated:  " 'The People presented evidence that the defendant committed the crime of rape as alleged in counts 2, 4, 7, 9, 12, and 15 and the crime of sodomy as alleged in count 14.  These crimes are defined for you in the instructions for these crimes. [¶] If you decide that the defendant committed one of these charged offenses, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit the other charged crimes of rape or sodomy, and based on that decision also conclude that the defendant was likely to and did commit the other offenses of rape and sodomy charged.  If you conclude that the defendant committed a charged offense, that conclusion is only one factor to consider along with all the other evidence.  It is not sufficient by itself to prove the defendant is guilty of another charged offense.  The People must still prove each element of every charge beyond a reasonable doubt and prove it beyond a reasonable doubt before you may consider one charge as proof of another charge.' "  (*Villatoro, supra*, 54 Cal.4th at p. 1167.)

7

conduct specifically for propensity purposes, thereby complying with the text of the statute.  (*Villatoro*, at p. 1163.)  Additionally, the court declined to find a due process violation because the modified instruction stated that "all offenses must be proven beyond a reasonable doubt, even those used to draw an inference of propensity" (*id.* at p. 1168); and therefore concluded there was "no risk the jury would apply an impermissibly low standard of proof" (*ibid.*).

Fackler argues that *Villatoro* was incorrectly decided and should be reconsidered.  He raises this appeal to preserve the issue for further proceedings.  As we are bound by our Supreme Court's holding in *Villatoro* allowing charged conduct to be considered as propensity evidence under Evidence Code section 1108, we must reject his claim of instructional error. (See *Auto Equity Sales, supra*, 57 Cal.2d at p. 455.)

DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

8